UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN MORALES, | : | |
|     Plaintiff | : | Civil Action No. 05- |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; | : | |
| POLICE OFFICER HULMES, | : | Jury Trial Demanded |
| Badge No. Unknown; POLICE OFFICER IRIZARRY, Badge No. Unknown; | | |
| JOHN DOE AND RICHARD ROE; | : | |
| UNKNOWN PHILADELPHIA POLICE | : | |
| OFFICERS, all in their individual | : | |
| capacities, | | |
|     Defendants | : | |

## COMPLAINT

### Jurisdiction

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

### Parties

2. Plaintiff Ruben Morales is a resident of the City of Philadelphia.

3. Defendant City of Philadelphia is a municipality incorporated in the Commonwealth of Pennsylvania.

4. Defendants Hulmes and Irizarry are Police Officers in the Philadelphia Police Department, and are sued in their individual capacities.

5. Defendants John Doe and Richard Roe are unknown officers in the Philadelphia Police Department. They are sued in their individual capacities. At all relevant times, all defendants acted under color of state law, and in concert with each other.

**Factual Allegations**

6. On December 22, 2003, Plaintiff Ruben Morales was walking on the 3100 block of Hartville Street in Philadelphia when he heard someone yelling for him to stop.

7. Plaintiff, who had committed no crime and who possessed no weapons or contraband, did not know who was ordering him to stop, or why this order was made and, out of personal safety concerns, he started to run from that area.

8. Defendants Irizarry, Hulmes, Roe and Doe followed the Plaintiff and eventually forced him to the ground on or near Clearfield Street. The individual Defendants seized Plaintiff based on anonymous and uncorroborated information that a man with a gun was in that area, but they did not have reasonable suspicion or probable cause to believe that Plaintiff was armed.

9. The individual Defendants then grabbed and punched the Plaintiff and threw him to the ground. At that point, one of the individual defendants, acting in concert and conspiracy with the other defendants, kicked the Plaintiff in the mouth causing a fracture to the jaw and other facial injuries.

10. Defendants Irizarry and Hulmes then falsely charged Plaintiff with "Disorderly Conduct" as a means of covering up their illegal and unconstitutional conduct. The charges were dismissed at a hearing. These defendants also threatened Plaintiff with more serious charges if he made a complaint at the hospital.

11. The individual Defendants had no legal justification for stopping, arresting or using any force against plaintiff. Plaintiff had committed no crime and posed no physical threat to any of the defendants.

12. As a result of the conduct of defendants, plaintiff suffered serious facial injuries that

required hospital treatment and two surgical procedures to repair the physical injuries. He also suffered substantial emotional pain and suffering.

13. Defendant City of Philadelphia has failed to properly train, discipline and supervise police officers with respect to the limits on their powers to stop, detain, frisk or search individuals based on anonymous information or on unsupported allegations of criminal conduct. Further, the Defendant City of Philadelphia has not properly supervised, disciplined or trained the individual defendants with respect to their powers to stop, frisk or arrest, or with respect to the use force in effectuating stops and arrests.

## Count I–Federal Claims

14. Paragraphs 1-13 are incorporated by reference.

15. The conduct of the individual defendants constitutes an unconstitutional seizure, investigative detention, and arrest, an unconstitutional search and seizure, and unconstitutional use of unreasonable and excessive force, all in violation of the Fourth and Fourteenth Amendments.

16. Defendant City of Philadelphia is liable for its failure to properly train, supervise and discipline the individual defendants and other police officers with respect to the stop, detention, and arrest of persons based on anonymous information or other unsupported and unverified allegations of criminal conduct. The Defendant City of Philadelphia is also liable for failing to properly train, supervise and discipline the individual Defendants with respect to the use of force in these circumstances. This practice, policy or custom caused the violations of Plaintiff's constitutional rights.

17. Plaintiff seeks injunctive and declaratory relief regarding the policy, practice and custom

of police officers of the City of Philadelphia, including the individual defendants, of stopping, frisking, and searching persons based on anonymous information or other unreliable evidence. Plaintiff and others similarly situated are in immediate risk that their Fourth Amendment rights will be violated in the future as a direct result of this policy, practice, and custom.

## Count II–State Law Claims

18. Plaintiff re-alleges paragraphs 1-17.

19. The conduct of the individual defendants was wilful, reckless and intentional and amounted to assault, battery, and false arrest and a violation of Article I, Sections 1 and 8 of the Pennsylvania Constitution, and this Court has supplemental jurisdiction to hear and adjudicate these claims. The City of Philadelphia is liable for the state Constitutional violations.

## Relief

20. Future application of Defendant City of Philadelphia's practice, policy, and custom of stopping, frisking, searching, and/or detaining persons on anonymous or other unreliable information will cause plaintiff and others similarly situated immediate and irreparable injury. On information and belief, each year, Philadelphia police make hundreds of these illegal stops. However, because in the great majority of cases, the detention and frisk are conducted in a manner that does not leave physical injuries, few persons seek legal relief. In these circumstances declaratory and injunctive relief are necessary to protect the Constitutional rights of plaintiff and others similarly situated.

Wherefore, Plaintiff requests this Court to Order:

1. Compensatory Damages;

2. Punitive Damages against the individual defendants;

3. A Declaratory Judgment that the practices and policies complained of in this Complaint violate the Fourth Amendment to the United States Constitution.

4. An injunction prohibiting police officers of the City of Philadelphia from engaging in the policy, practice and custom alleged in this Complaint and specifically the practice and custom of stopping, detaining, arresting, frisking and/or searching plaintiff based on anonymous information regarding alleged criminal conduct or other unreliable information insufficient under the Fourth Amendment to justify a stop, detention, arrest, frisk and/or search of a person.

5. Attorney's fees and costs;

6. All other appropriate relief.

A Jury Trial is hereby demanded.

_____
David Rudovsky
I.D. No. 15168
Jonathan H. Feinberg
I.D. No. 88227
Kairys, Rudovsky, Epstein & Messing
924 Cherry Street, Suite 500
Philadelphia, PA 19107
(215) 925-4400

Counsel for Plaintiff